# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**J.P.F.D. INVESTMENT CORPORATION,**

      Plaintiff,

v.                                    Case No:   6:17-cv-1415-Orl-40GJK

**UNITED SPECIALTY INSURANCE COMPANY,**

      Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH APPRAISAL AND TO ABATE ACTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 11)** |
| **FILED:** | August 11, 2017 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR PRELIMINARY PRE-TRIAL CONFERENCE (Doc. No. 22)** |
| **FILED:** | September 20, 2017 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

## I. FACTUAL BACKGROUND

On August 1, 2017, Defendant removed a complaint (the "Complaint") from Florida state court alleging breach of contract.[1] Doc. Nos. 1, 2. The following facts are taken from the Complaint. Plaintiff owned property (the "Property") located in Orlando, Florida. Doc. No. 1 at ¶ 2. Defendant issued an insurance policy (the "Policy") to Plaintiff providing coverage for water damage to the Property. *Id.* at ¶ 3. On or about January 20, 2017, the Property sustained water damage. *Id.* at ¶ 2. Defendant has refused to pay for Plaintiff's damages. *Id.* at ¶ 6.

On August 11, 2017, Defendant filed a motion (the "Motion") requesting that the Court compel appraisal pursuant to a Policy endorsement or, in the alternative, dismiss the action. Doc. No. 11. The following facts are taken from the Motion. The Policy is a commercial lines policy. *Id.* at 1. On or about January 20, 2017, Plaintiff reported a loss resulting from water damage to the Property. *Id.* at 2. On March 28, 2017, Plaintiff submitted a proof of loss for $300,272.46. *Id.* Based on its inspection of the Property, Defendant disagreed with the scope of damages in Plaintiff's proof of loss. *Id.* On May 2, 2017, Defendant sent a loss estimate for $267,479.42. *Id.*; Doc. No. 11-4. Defendant's loss estimate includes a prior payment made to Dryfast Recovery Systems, LLC ("Dryfast") for water mitigation services rendered to the Property. Doc. No. 11 at 2; Doc. No. 11-4. On June 26, 2017, Defendant sent correspondence invoking appraisal pursuant to the Policy endorsement. Doc. No. 11 at 3. *See also* Doc. No. 11-1 at 77; Doc. No. 11-7. Rather than responding to Defendant's correspondence, Plaintiff filed suit in Florida state court. Doc. No. 11 at 3.

On August 15, 2017, Plaintiff filed a response to the Motion, arguing that it should be denied for two reasons. Doc. No. 15. First, Plaintiff argues that Defendant waived its right to

---

[1] The Complaint initially asserted a second count for declaratory judgment. Doc. No. 2 at ¶¶ 12-20. On August 11, 2017, Plaintiff voluntarily dismissed count two without prejudice. Doc. Nos. 12, 13.

appraisal by failing to provide the mediation notice required under Section 627.7015 of the Florida Statutes. *Id.* at 5-7. Second, Plaintiff argues that it is not required to participate in appraisal because Defendant materially breached the Policy by wrongfully withholding benefits and rejecting Plaintiff's proof of loss. *Id.* at 4-5. Plaintiff also argues that Defendant's alternative request to dismiss the action should be denied or, should it be granted, Plaintiff should be given leave to file an amended complaint. *Id.* at 7-10.

On September 20, 2017, Defendant filed a motion requesting a preliminary pre-trial conference (the "Rule 16 Motion"). Doc. No. 22. Defendant seeks the Court's input regarding case management because it has a good faith belief that a favorable ruling on the Motion will impact discovery in this case. *Id.* at 1-2.

## II. APPLICABLE LAW

Under Florida law, a dispute regarding a policy's coverage is a question for the Court. *Gonzalez v. Am. Sec. Ins. Co.*, No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at * 4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. *Id.* (citations omitted). Whether the parties can be compelled to appraisal depends on the provisions of the policy. *J&E Investments, LLC v. Scottsdale Ins. Co.*, No. 16-61688-CIV-DIMITROULEAS/Snow, 2016 WL 8793337, at * 2 (S.D. Fla. Aug. 18, 2016). "A motion to compel appraisal should be granted whenever the parties have agreed to appraisal and the court entertains no doubt that such an agreement was made." *Id.*

## III. ANALYSIS

Plaintiff argues that Defendant waived its right to appraisal by failing to provide the mediation notice required under Section 627.7015(2) of the Florida Statutes. Doc. No. 15 at 5-7.

The statute provides that at the "time a first-party claim within the scope of this section is filed by the policyholder, the insurer shall notify the policyholder of its right to participate in the mediation program under this section." Fla. Stat. §627.7015(2). Section 627.7015(7) states that if an insurer fails to comply with Section 627.7015(2), the policyholder is not required to participate in any contractual appraisal process as a condition precedent to filing a breach of contract action against the insurer. Fla. Stat. §627.7015(7). Despite the foregoing, Plaintiff's argument is unavailing because Section 627.7015 does not apply to the Policy. The Policy contains multiple representations describing the Property as an office building. Doc. No. 11-1 at 3, 12, 47. Section 627.7015, however, applies to residential insurance policies. Fla. Stat. §627.7015(1) ("This section is available with respect to claims under personal lines and commercial residential policies ..."). *See also Charlevoix Equity Partners Intl. Inc. v. AIG Prop. Cas. Co.*, 2017 A.M.C. 1276, 1278-79 (finding that Section 627.7015 "appears to apply only to policies covering residential properties") (citing authority). Based on the aforementioned Property descriptions, it is apparent that the Property falls outside the scope of Section 627.7015. Accordingly, it is recommended that the Court find that Section 627.7015 does not apply to the Policy.

Plaintiff also argues that it is not required to participate in appraisal because Defendant materially breached the Policy by wrongfully withholding benefits and rejecting Plaintiff's proof of loss. Doc. No. 15 at 4-5. The undersigned finds Plaintiff's argument unavailing. This Court dealt with a similar argument in *Gonzalez*. In *Gonzalez*, the plaintiff filed a claim of loss due to damage arising from a sinkhole. *Gonzalez,* 2015 WL 12852303, at * 1. The insurance company initially denied coverage for the loss, but later accepted coverage and provided a formal demand for appraisal pursuant to the insurance policy. *Id.* The plaintiff later filed a breach of contract action against the insurance company, and the insurance company moved to compel appraisal. *Id.* at * 2.

The plaintiff argued that the insurance company materially breached the insurance contract by initially denying his claim, and thus, he was not required to comply with the policy's appraisal provision. *Id.* The Court found the plaintiff's argument unavailing:

> [The insurance company] agreed that the loss would be covered under the [p]olicy. Further, [the insurance company] provided formal notice of its demand for appraisal of the claim pursuant to the terms of the [p]olicy. At that point, the only remaining dispute was the amount of covered loss …. [A]lthough [the insurance company] may have initially denied coverage, the posture of this case as it comes before this Court is that the coverage was admitted and the only remaining dispute is the amount of the loss. Accordingly, appraisal is appropriate …

*Id.* at * 3-4. Thus, the Court found the plaintiff's argument unavailing because: 1) the insurance company agreed that the loss was covered under the insurance policy; 2) the insurance company provided formal demand for appraisal; and 3) the only remaining dispute was the amount of covered loss. *Id.*

Here, the parties agreed to an insurance contract providing for appraisal, and Plaintiff does not contest that such agreement was made. *See J&E Investments, LLC*, 2016 WL 8793337 at * 2; Doc. No. 11-1 at 77. The Policy states that if the parties disagree on the amount of loss, either party may make a written demand for an appraisal of such loss. Doc. No. 11-1 at 77. The Policy contains no other conditions precedent to demand appraisal and states that appraisal is mandatory if invoked by either party. *Id.* Furthermore, similar to *Gonzalez*, Defendant does not dispute that the Property's water damage is covered under the Policy. Doc. No. 11 at 7. Defendant paid Dryfast for water mitigation services rendered to the Property and included the value of such services in its loss estimate. Doc. No. 11-4 at 2. Before Plaintiff filed its lawsuit, Defendant provided a formal demand for appraisal based on "the differences in our scope of water damages at the [P]roperty after the loss …" Doc. No. 11 at 3; Doc. No. 11-7 at 2. Thus, at this point in the proceedings, "the

only remaining dispute is the amount of the loss." *Gonzalez,* 2015 WL 12852303, at * 4. Accordingly, it is recommended that the Court find that appraisal is appropriate.[2]

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 15); and

2) **DIRECT** the parties to immediately obtain an appraisal in the manner prescribed in the Policy; and

3) **STAY** the proceedings pending the parties' appraisal and direct the parties to promptly dismiss this action should the appraisal resolve their dispute; and

4) **DENY AS MOOT** the Rule 16 Motion (Doc. No. 22).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 29, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also cites to three separate Florida statutes in support of its argument that Defendant's material breach of the insurance contract results in waiver of appraisal. Doc. No. 15 at 4 (citing Fla. Stat. §§ 626.9541(1)(i)3e, 626.9541(1)(i)4, 627.70131(5)(a)). Plaintiff, however, provides no authority standing for the proposition that violation of such statutes results in a waiver of appraisal. Doc. No. 15 at 4-5. Furthermore, two of the statutes cited by Plaintiff appear to be inapplicable to the Policy. *See* Fla. Stat. § 627.70131(4) (providing that for "the purposes of this section, the term 'insurer' means any residential property insurer."); Fla. Stat. § 626.9541(1)(i)4 (providing that it is an unfair claim settlement practice to fail to "pay undisputed amounts of partial or full benefits owed under first-party property insurance policies within 90 days after an insurer <u>receives notice of a residential property insurance claim</u> …") (emphasis added). As noted above, the Policy describes the Property as an office building. Doc. No. 11-1 at 3, 12, 47.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy