# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

_____

J.P.F.D. INVESTMENT CORPORATION,

      **Plaintiff(s),**                    **CASE NO.** 6:17-cv-01415-PGB-GJK

**vs.**

UNITED SPECIALTY INSURANCE
COMPANY,

      **Defendant.**

_____

**MOTION FOR ENTRY OF JUDGMENT ON APPRAISAL AWARD AND
MOTION FOR ENTITLEMENT TO ATTORNEY FEES AND COSTS
-OR IN THE ALTERNATIVE-
MOTION FOR EVIDENTIARY HEARING
AND MEMORANDUM OF LAW IN SUPPORT**

**COMES NOW** the Plaintiff, J.P.F.D. INVESTMENT CORPORATION ("JPFD"), by and through the undersigned counsel, and moves the Court to lift the stay of this case, enter judgment on the appraisal award, and grant Plaintiff's entitlement to recover of attorney fees and costs against Defendant, UNITED SPECIALTY INSURANCE COMPANY ("United Specialty"), or in the alternative set this motion for an evidentiary hearing, and in support alleges:

**A. Statement Of Facts And Procedural History.**

      1.      On January 20, 2017, JPFD's property was damaged by water, which is a covered loss under the policy of insurance issued by United Specialty.  Doc. No. 1 at ¶¶ 2-3.

      2.      JPFD timely notified United Specialty of the loss and submitted a valid insurance claim pursuant to the policy.  Doc. No. 1 at ¶ 5.  Specifically, on March 28, 2017, JPFD

submitted a sworn statement in proof of loss in support of its claim for approximately $302,772.46 to rebuild and restore the property to its pre-loss condition.  Doc. 15 at Ex. A.

3.      Plaintiff's contractor Dryfast Recovery Systems, LLC, also submitted an insurance claim for approximately $154,762.52 for the cost of emergency services, water extraction, dryout, and mitigation activities at the property.  Doc. No. 11 at ¶ 7.  On or about April 6, 2017, United Specialty applied the $2,500.00 deductible and paid $152,262.52 to Dryfast on the emergency services claim.

4.      United Specialty "reject[ed]" JPFD's proof of loss claiming $302,772.46 to rebuild and restore the property to its pre-loss condition. Doc. No. 11-3, p. 2.  On or about May 3, 2017, United Specialty issued payment in the amount of $91,080.97 to JPFD, based upon its estimate of $112,716.90 to rebuild the damaged property.  Doc. Nos. 11 at ¶ 7, 11-4.  However, United Specialty did not pay the "overhead" (10%) and "profit" (10%) claimed by JPFD which were foreseeable charges by a general contractor, among others.  *Compare* Doc. No. 15-1 at p. 39 to Doc No. 11-5 at p. 160.  United Specialty also withheld $21,635.93 in benefits as "depreciation" on the property that JPFD claimed to be damaged.  *Id*.  No additional payments were made on JPFD's claim.

5.      Form CP 00 10 10 12 contained within the subject insurance policy states that United Specialty "will pay" for any direct physical loss or damage to the subject building on a replacement cost basis (Doc. No. 11-1, p. 47.), payable as follows:

**BUILDING AND PERSONAL PROPERTY
COVERAGE FORM**
***

**4. Loss Payment**

   a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:

      (1) Pay the value of lost or damaged property;

      (2) Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

      (3) Take all or any part of the property at an agreed or appraised value; or

      (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.
***

   c. We will give notice of our intentions **within 30 days** after we receive the sworn proof of loss.
***

   g. We will pay for covered loss or damage **within 30 days** after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and:

      (1) We have reached agreement with you on the amount of loss; or

      (2) An appraisal award has been made.

Doc. No. 11-1, p. 58.

      6.     Endorsement form CCP 22010 0508 contained within the subject insurance policy states that United Specialty will, at JPFD's request, "submit to the jurisdiction of a court" in the event that it fails to pay "any amount claimed," as follows:

## SERVICE OF SUIT CLAUSE

This endorsement modifies insurance provided by the policy
to which this form is attached.

It is agreed that in the event of the **failure by us to pay <u>any
amount</u> <u>claimed</u>** to be due hereunder, we will, at your
request, submit to the jurisdiction of a court of competent
jurisdiction within the United States of America.

Doc. No. 11-1, p. 6 (emphasis added).

7.     **<u>Before</u>** United Specialty demanded an appraisal, this lawsuit was commenced on behalf of JPFD in the Circuit Court of Orange County, State of Florida, on June 23, 2017. Doc. No. 2.   **<u>After</u>** this lawsuit was filed, United Specialty demanded an appraisal of the loss on June 26, 2017.  Doc. No. 11-7.

8.     On August 1, 2017, United Specialty removed this lawsuit to this U.S. District Court.   Doc. Nos. 1, 2.   On August 11, 2017, United Specialty filed a motion to compel appraisal, abate action, and dismiss the Complaint.  Doc. Nos. 11, 12.  On October 17, 2017, the Court granted Defendant's motion to compel appraisal, stayed this case, and directed the parties to complete an appraisal pursuant to the insurance policy.  Doc. Nos. 24, 25.

9.     On or about January 5, 2018, an appraisal award was issued obligating United Specialty to pay $249,228.96 in benefits to rebuild and restore the property to its pre-loss condition, and calculated the total depreciation to be only $4,043.80.  A true and accurate copy of the signed appraisal award form is attached hereto as Exhibit "A".  The appraisal award increased the benefits due and owing on JPFD's rebuild claim by $158,147.99, which is approximately 175% more than United Specialty's initial payment.  *Id.*

10.     On or about January 30, 2018, United Specialty remitted two checks totaling $158,147.99.  True and accurate copies of the checks are attached hereto as Exhibit "B".

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment confirming the appraisal award in the amount of $158,147.99, and granting Plaintiff's entitlement to recover a reasonable amount of attorney fees and costs pursuant to section 627.428, Florida Statutes, or in the alternative setting this motion for an evidentiary hearing, and such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

11.     United Specialty breached the insurance agreement when it rejected JPFD's proof of loss, wrongfully refused to pay benefits for overhead and profit, and overstated the depreciation holdback.  United Specialty's failure to provide a coverage determination, the dollar amount or extent of coverage, or a written statement concerning the status of the its investigation within 30-days after receipt of the proof of loss was also a violation of section 626.9541(1)(i)3e, *Fla. Stat*.  Rather than paying JPFD's claim, as required by the policy and Florida claims handling statutes, United Specialty wrongfully withheld benefits and rejected JPFD's claim submissions.  The total Appraisal Award (after deductibles and prior payment) was $158,147.99, which is approximately 175% more than United Specialty's initial payment.  United Specialty did not (and could not) cure its breach when it paid $91,080.97 to JPFD on May 3, 2017, because $158,147.99 in additional benefits were indisputably owed on the claim at that time.  Therefore, United Specialty materially breached the insurance policy and is liable for damages incurred as a result of the breach, including JPFD's attorney fees, costs, and interest on the $158,147.99.

**A.  The Issues of Attorney Fees, Costs, Interest, and Breach of Contract are Still Pending.**

5

12.     United Specialty cannot avoid liability for breach of contract by the simple expedience of paying the appraisal award.   In *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679 (Fla. 2000), the Florida Supreme Court addressed the issue of whether attorney's fees were owed to the insured's attorney pursuant to section § 627.428, Florida Statutes, where the insurance company had made payments to the insured after suit was filed but before judgment was rendered.   The Florida Supreme Court stated, simply, that "Allstate's payment after suit was filed operates as a confession of judgment...." *Id.* at 684.   The Florida Supreme Court, in reaching its decision in *Ivey*, relied upon its prior decision in *Wollard v. Lloyd's & Companies of Lloyd's*, 439 So. 2d 217 (Fla. 1983).   The Florida Supreme Court ruled "payment of the claim is, indeed, the functional equivalent of a confession of judgment or verdict in favor of the insured...." *Id.* at 218.   Wollard's claim was settled on the eve of trial. *Id.*   Likewise, "[w]hen an insurance company has agreed to settle a disputed case, it has in effect, declined to defend its position in the pending suit.   Thus, payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." *United Auto. Ins. Co. v. Zulma*, 661 So. 2d 947, 948 (Fla. 4th DCA 1995); *see also Magnetic Imaging Sys. v. Prudential Property & Casualty Ins. Co.*, 847 So. 2d 987, 989-90 (Fla. 3d DCA 2003).

13.     Just as the insurer did in *Ivey*, United Specialty made two (2) payments to JPFD after suit was filed and without any type of settlement agreement.   As in *Ivey*, the payments were unconditional, unilateral, and were not the result of a negotiated settlement agreement.   United Specialty United Specialty's payments to JPFD constitute a confession of judgment warranting the entry of a partial final judgment.   Therefore, this Court should confirm the appraisal award and enter a judgment in favor of JPFD's because United Specialty is now unable to establish a

6

valid defense in the manner set forth in *Three Palms Point v. State Farm*, 250 F.Supp.2d 1357 (M.D.FL. 2003), aff'd 362 F.3d 1317 (11th Cir. 2004). Alternatively, if this Court does not believe there is already unequivocal record evidence to support a judgment against United Specialty, then JPFD seeks to have its day in court to prove that United Specialty breached the insurance agreement.

14. It is anticipated that United Specialty will argue that payment of the appraisal award removes any necessity to continue litigation. However, the unconditional payment of the appraisal award does not cure United Specialty's breach of contract. An appraisal, unlike arbitration, decides damages, **not liability**. JPFD is entitled to prove the breach and, if successful, recover nominal damages resulting from the breach of contract. *See i.e. Indian River Colony Club v. Schopke Const.*, 619 So.2d 6 (Fla. 5th DCA 1993) (nominal damages awardable even when plaintiff has suffered no actual damages); *Continuum Condominium Ass'n., Inc. v. Continuum IV, Inc.*, 549 So.2d 1125 (Fla. 3d DCA 1989); *Young v. Johnson*, 475 So.2d 1309 (Fla. 1st DCA 1985) (nominal damages awardable when a contract has been breached, but recoverable damages not proven); *Zayle Corp. v. Creech*, 497 So.2d 706 (Fla. 4th DCA 1986).

15. The judgment should also include prejudgment interest from January 20, 2017, the date of the loss. *See, e.g., Fidelity and Guar. Ins. Underwriters, Inc. v. Federated Dept. Stores, Inc.*, 845 So.2d 896 (Fla. 3rd DCA 2003) (Florida has adopted the "loss theory" approach to prejudgment interest, under which, neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest, but, rather, the loss itself is a wrongful deprivation by the defendant of the Plaintiffs property; Plaintiffs is to be made whole from the date of the loss).

7

16.  Since JPFD has filed a well-pled complaint sounding in breach of contract, which remains at issue, it is entitled to a trial on the breach of contract claim if the case is not resolved by the Court's entry of judgment in its favor.  There is nothing in the insurance policy that required JPFD to participate in the appraisal process before filing this lawsuit.  In fact, there is nothing in the policy that required JPFD to provide pre-suit notice of a lawsuit against United Specialty.  A breach of contract action is neither an intentional tort nor a negligence action.  As such, tenets such as "notice" and "knowledge" have no relevance in a breach of contract action. *Butts v. Dade County*, 178 So. 2d 592, 596 (Fla. 3d DCA 1965) (holding that in a breach of contract action, a plaintiff is not required to give the notice required of those who claim in tort). A breach of contract does not take place when the offending party knows or has reason to know of the breach.  *Donovan v. State Farm Fire & Cas. Co.*, 574 So. 2d 285, 286 (Fla. 2d DCA 1991).  Rather, the breach takes place at the moment the insurer refuses to pay a covered claim. *Id.*  "In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action... " *Id.*  In the context of a breach of an insurance contract, there is nothing in the form of statutory or other authority that suggests that the insurer must first be given notice and an opportunity to correct its breach.  Consequently, United Specialty should not be able to avoid liability for breach of contract by the simple expedience of paying the appraisal award.  Otherwise, there is an incentive for an insurer to breach a contract by wrongfully rejecting an insured's claim, refusing to pay benefits in a timely manner, then simply invoking appraisal as a shield to liability when sued.

17.  In *Jerkins v. USF&G Specialty Ins. Co.*, 982 So.2d 15 (5th DCA 2008), the Fifth District Court of Appeals reversed the trial court's denial of attorney's fees under *Fla. Sta.*

627.428 after an insured filed suit and recovered additional sums of money following an appraisal:

> Section 627.428 was intended 'to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" *Progressive Express Ins. Co. v. Schultz,* 948 So. 2d 1027, 1029-30 (Fla. 5th DCA 2007) (quoting *Ins. Co. of N. Am. v. Lexow,* 602 So. 2d 528, 531 (Fla. 1992)). To further this purpose, Florida courts have held that "[a]n insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment." *First Floridian Auto & Home Ins. Co. v. Myrick,* 969 So. 2d 1121, 1124 (Fla. 2d DCA 2007); *see also Ivey v. Allstate Ins. Co.,* 774 So. 2d 679 (Fla. 2000); *Wollard v. Lloyd's & Cos. of Lloyd's,* 439 So. 2d 217 (Fla. 1983).

*Id.* at 17.

18.     In, *Cincinnati Insurance Co. v. Palmer,* 297 So. 2d 96 (Fla. 4th DCA 1974), the Fourth District Court further explained:

> [I]t is neither reasonable nor just that an insurer can avoid liability for statutory attorney's fees by the simple expedient of paying the insurance proceeds to the insured or the beneficiary at some point after suit is filed but before final judgment is entered, thereby making unnecessary the entry of a judgment.... We think the statute must be construed to authorize the award of an attorney's fee to an insured or beneficiary under a policy or contract of insurance who brings suit against the insurer after the loss is payable even though technically no judgment for the loss claimed is thereafter entered favorable to the insured or beneficiary due to the insurer voluntarily paying the loss before such judgment can be rendered. After all, such voluntary payment by the insurer is the equivalent of a confession of judgment against it.

*Id.* at 99 (citations omitted).

19.     The Fifth District reiterated its holding from *Gibson v. Walker,* 380 So. 2d 531 (Fla. 5th DCA 1980),* that the statutory obligation for attorney's fees under section 627.428 "cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation." *Id. at 533*.

**B.  An Order Confirming the Appraisal Award Should be Entered**.

20.     JPFD is entitled to have the appraisal award confirmed by this Court and a judgment entered in its favor.   Federal Courts, relying on established Florida law, have consistently held that the insured is entitled to an order confirming an appraisal award after the parties participated in the appraisal process. *See Muckenfuss v. Hanover Insurance Company,* 2007 WL 1174098 (M.D. Fla. 2007);* *Three Palms Pointe, Inc. v. State Farm Fire and Casualty Company,* 250 F.Supp.2d 1357 (M.D. Fla. 2003),* affirmed by, *Three Palms Pointe, Inc. v. State Farm Fire and Casualty Company,* 362 F.3d 1317 (11th Cir. Fla. 2004);* *Royal Marco Point 1 Condominium Association, Inc. v. QBE Insurance Corporation,* 2008 WL 4194792 (M.D. Fla. 2008)* (accepted and rejected in part by *Royal Marco Point 1 Condominium Association, Inc. v. QBE Insurance Corporation,* 2008 WL 4194807 (M.D. Fla. 2008)*).

21.     The Florida Supreme Court, and numerous District Courts of Appeal, have also allowed for either an insured or insurer to confirm an appraisal award. *Jerkins v. USF&G Specialty Ins. Co.,* 982 So.2d 15 (5th DCA 2008),* *Allstate Ins. Co. v. Suarez,* 786 So.2d 645 (Fla. 3rd DCA 2001)* affirmed *Allstate Ins. Co. v. Suarez,* 833 So.2d 762 (Fla. 2002);* *Travelers Indem. Ins. Co. v. Meadows MRI, LLP,* 900 So.2d 676 Page 3 (Fla. 4th DCA 2005);* *American Reliance*

*Ins. Co. v. Devecht,* 820 So.2d 378 (Fla. 3d DCA 2002); *Allstate Ins. Co. v. Martinez,* 790 So.2d 1151 (Fla. 3d DCA 2001); and *Preferred Nat'l.Preferred Nat'l. Ins. Co. v. Miami Springs Golf Villas, Inc.,* 789 So.2d 1156 (Fla. 3d DCA 2001).

**C.  Section 627.428, Fla. Stat. is an Implied Provision of Every Insurance Contract.**

22.     It is settled law in Florida that applicable insurance statutes are incorporated into every insurance policy.  The Florida Supreme Court in *Grant v. State Farm Fire and Cas. Co.,* 638 So.2d 936 (Fla. 1994) held, "where a contract of insurance is entered into on matters surrounded by statutory limitations and requirements, the parties are presumed to have entered in such agreement with reference to the statute, and the statutory provisions become a part of the contract." *See also State Farm Fire & Cas. Co. v. Palma,* 629 So.2d 830, 832 (Fla. 1993) (the terms of §627.428 are an implicit part of every insurance policy in Florida).

23.     Florida Statute §627.428 states, in pertinent part, as follows:

**627.428. Attorney's fee**

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court **shall** **adjudge** **or** **decree** against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.  (Emphasis added).

24.     *Fla. Stat. §627.428* specifically requires the court to award *reasonable* attorney fees to be paid by an insurer to an insured in the event the insured brings a successful action (such as securing an appraisal award) against an insurer under an insurance contract. *See, e.g.,*

*Lewis v. Universal Property and Cas. Ins. Co.*, 13 So.3d 1079, 1081 (Fla. 4th DCA 2009) (Insureds entitled to attorney's fees and costs after appraisal award reached). *See also Progressive Exp. Ins. Co. v. Schultz*, 948 So.2d 1027, 1032 (Fla. 5th DCA 2006); *Ins. Co. of N. Am. v. Lexow*, 602 So.2d 528, 531 (Fla. 1992). (Section 627.728 was intended "to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.").

**D.**  **Section 627.428, Fla. Stat. Fee Awards are Proper After Appraisal Awards.**

25.    As noted above, "Florida's cases have uniformly held that a section 627.428 attorney's fee award may be appropriate where, following some dispute as to the amount owed by the insurer, the insured files suit and, *thereafter,* the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums." *See, e.g., Lewis v. Universal Property and Cas. Ins. Co.*, 13 So.3d 1079, 1081 (Fla. 4th DCA 2009) (Insureds entitled to recover attorney fees under statute entitling insured to reasonable attorney fees upon rendition of judgment against insurer).

26.    Other Appellate Courts across the state agree. *See Citizens Property Ins. Corp. v. Cuban-Hebrew Congregation of Miami, Inc.*, 5 So.3d 709 (Fla. 3rd DCA 2009) (insured filed suit on commercial wind only policy, which was followed by an *appraisal* that culminated in judgment in favor of the insured for an additional $106,646.27); *Jerkins v. USF & G Specialty Ins. Co.*, 982 So.2d 15 (Fla. 5th DCA 2008) (insurer's payment of appraisal award after suit was filed acted as a "confession of judgment", and, thus, insureds were entitled to attorney fees); *First Floridian Auto & Home Ins. Co. v. Myrick*, 969 So.2d 1121 (Fla. 2d DCA 2007) ("given

First Floridian's handling of Ms. Myrick's claim, we can find no error in the trial court's final judgment [awarding fees following an appraisal award]"), *review denied* 980 So.2d 489 (Fla. 2008). *Bankers Sec. Ins. Co. v. Brady,* 765 So.2d 870 (Fla. 5th DCA 2000) (even where the insurer has invoked an appraisal clause, section 627.428 mandates entitlement to attorney's fees and costs applies).   Accordingly, JPFD's recovery of an additional $158,147.99 through the appraisal process, which is approximately 175% more than United Specialty's initial payment, warrants an award of attorney's fees and costs.

**E.  United Specialty's Payments Constitute a "Confession of Judgment".**

27.    Also noted above is controlling Florida law which utilizes the legal fiction of a "confession of judgment" to illustrate statute's application to situations where the insurer resolves the first-party action against the insured before rendition of judgment:

> When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interest-the insured's, the insurer's or the public's-and discourages any attempt at settlement.

*Wollard v. Lloyd's and Companies of Lloyd's,* 439 So. 2d 217, 218 (Fla. 1982).

28.    In *Ivey v. Allstate Ins. Co.,* 774 So.2d 679 (Fla. 2000) the Florida Supreme Court reiterated that the insured was entitled to attorney's fees and costs in these sorts of cases:

> Moreover, Allstate's payment after suit was filed operates as a confession of judgment, further entitling Ivey to attorney's fees. *Wollard v. Lloyd's and Companies of Lloyd's,* 439 So. 2d 217, 218 (Fla. 1982); *see also United Auto Ins. Co. v. Zulma,* 661 So. 2d 947 (Fla. 4th DCA 1995). In *Wollard,* we held that where an insurer pays policy proceeds after suit has been filed but before judgment

has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees. In the present case, the Third District acknowledged that "[w]ithin 30 days of the deposition [of Ivey's doctor], Allstate paid the doctor the additional monies owed him. Ms. Ivey continued this action against Allstate under the theory that Allstate's failure to pay the original bill in full constituted a wrongful withholding of benefits requiring her to seek the services of an attorney." _Allstate, 728 So. 2d at 283_. It is therefore obvious that Allstate voluntarily paid Ivey's claim only after the lawsuit was filed and without any type of settlement agreement which would preclude her from recovering her attorney's fees. Thus, we conclude that the district court erred in failing to find that Allstate's payment of the remainder of the claim constituted a confession of judgment, entitling Ms. Ivey to recovery of her attorney's fees. The decision below would incorrectly deny application of statutory attorney's fees when insurers come to the realization during litigation that a denial of benefits has been incorrect.

_Id_ at 684-5.  _See also_, _Lewis v. Universal Property and Cas. Ins. Co.,_ 13 So.3d 1079, 1081 (Fla. 4th DCA 2009) (insureds who filed suit after homeowners' insurer invoked right to appraisal and then prevailed in appraisal without obtaining judgment against insurer were entitled to recover attorney fees under statute entitling insured to reasonable attorney fees upon rendition of judgment against insurer; insurer invoked right to appraisal); _Citizens Property Ins. Corp. v. Cuban-Hebrew Congregation of Miami, Inc.,_ 5 So.3d 709 (Fla. 3rd DCA 2009) (insured was entitled to award of attorney fees in case involving appraisal award); _Jerkins v. USF & G Specialty Ins. Co.,_ 982 So.2d 15 (Fla. 5th DCA 2008) (insurer's payment of appraisal award acted as a "confession of judgment" in insureds' suit, and, thus, insureds were entitled to attorney fees under statute requiring court to award attorney fees upon the rendition of a judgment against insurer); _First Floridian Auto & Home Ins. Co. v. Myrick,_ 969 So.2d 1121 (Fla. 2d DCA 2007) (affirming award of attorney's fees and costs following appraisal award). _review denied,_ 980 So.2d 489 (Fla. 2008); _Goff v. State Farm Fla. Ins. Co.,_ 999 So.2d 684 (Fla. 2d DCA 2008) (same); _Travelers Indem. Ins. Co. of Illinois v. Meadows MRI, LLP,_ 900 So.2d 676, 679 (Fla. 4th DCA 2005) (same).

29.     In light of this controlling Florida law, United Specialty's payment of the appraisal award should be treated as a confession of judgment.

**F.  JPFD Did Not Race to the Courthouse Solely to Collect Attorney Fees and Costs.**

30.     Despite the fact that JPFD filed this lawsuit **before** United Specialty demanded an appraisal, it is anticipated that United Specialty will argue that JPFD raced to the courthouse to file an unnecessary lawsuit solely to collect fees and costs.  This argument distorts the facts of this case because the lawsuit was filed more than five (5) months after the loss was reported to United Specialty.  It was filed almost two (2) months after United Specialty refused to pay overhead and profit (and inflated the depreciation holdback) that was due and owing to JPDF. The lawsuit was filed more than two (2) full months after United Specialty rejected JPFD's proof of loss, and thereby wrongfully denied $158,147.99 in benefits indisputably owed to JPFD. Under these circumstances, JPDF did not race to the courthouse to file an unnecessary lawsuit solely to collect fees and costs.

**G.  United Specialty's Alleged "Good Faith" is Irrelevant.**

31.     An award of attorney's fees is not to be based upon whether the insurer cooperated or acted in good faith in defense of the claim. *United Auto. Ins. Co. v. Zulma,* 661 So.2d 947, 948 (Fla. 4th DCA 1995) (citing to *Insurance Co. of N. Am. V. Lexow,* 602 So. 2d 528, 531 (Fla. 1992)) ("An insurer's good faith in bringing suit is not a factor. 'If the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees.'").

32.     In *Johnson v. Omega Ins. Co.,* 200 So. 3d 1207 (Fla. 2016), the Florida Supreme Court recently reaffirmed the extensive case law in Florida holding that "an insurer's concession that the insured was entitled to benefits after a legal action has been initiated is the functional equivalent of a confession of judgment," explaining:

Therefore, consistent with the opinions of this Court and others, we make abundantly clear today that in the context of section 627.428, a denial of benefits simply means an incorrect denial.

\*\*\*

Moreover, we have held that the bad faith or degree of "wrongfulness" of the insurance company is *not* relevant to a recovery of attorney's fees under section 627.428. *See Ivey,* 774 So.2d at 684 (rejecting a bad faith requirement for section 627.428 attorney's fees); *Ins. Co. of N. Am. v. Lexow,* 602 So.2d 528, 531 (Fla.1992) ("[The insurance company's] good faith in bringing this suit is irrelevant. If the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees.").

\*\*\*

The language in *Ivey* makes clear that the insurer's intentions do not factor into a policyholder's recovery of fees; it is the fact that the denial of benefits was ultimately incorrect that triggers the statute. Here, the facts are undisputed that Johnson submitted a claim, Omega denied that claim, Johnson filed an action seeking recovery, and Omega subsequently conceded that it had incorrectly denied the benefits based on an inaccurate report. These facts alone warrant an award of attorney's fees to Johnson under section 627.428.

\*\*\*

In sum, the law is clear. Section 627.428 provides that an incorrect denial of benefits, followed by a judgment or its equivalent of payment in favor of the insured, is sufficient for an insured to recover attorney's fees. Extensive case law further provides that an insurer's concession that the insured was entitled to benefits after a legal action has been initiated is the functional equivalent of a confession of judgment. Here, it is undisputed that Omega did not admit its error in denying benefits until after Johnson filed the action. Thus, there is no question that Johnson is entitled to attorney's fees in this situation.

\*\*\*

Thus, consistent with our decision in *Ivey,* we hold that a recovery for attorney's fees under section 627.428 requires an *incorrect* denial of benefits by the insurance company, not a bad faith denial.

*Id*. at 14-17, *see also Life Changing Ministries, Inc. v. Canopius US Ins., Inc.,* No: 5:15–CV–59–Oc–30PRL, 2016 WL 6947341, at \*3 (M.D. Fla. Nov. 28, 2016) (Moody, J.) (applying *Johnson* and concluding that the insurance company confessed judgment when it denied the insured's claim, the insured sued, and the insurance company *paid the insured's claim following receipt of the neutral evaluator's report during litigation*).

33.     Here, JPFD secured a relatively large appraisal award, and should be granted a judgment on the amount awarded (*i.e.*, an Order Confirming the Award), as well as an order granting attorney fees and costs, as a matter of law.

**H. Payment of the Appraisal Award Establishes JPFD's Entitlement to Attorney Fees.**

34.     Although JPFD moves for confirmation of the appraisal award and entry of a judgment, an actual rendition of an order or decree is not required to trigger an insured's entitlement to attorney's fees under the statute.  *See Mercury Ins. Co. of Florida v. Cooper,* 919 So.2d 491, 492 (Fla. 3rd DCA 2005) ("to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation.") (quoting *Wollard* 439 So.2d at 218).  *See also Coppola v. Federated Nat. Ins. Co.,* 939 So.2d 1171 (Fla. 4th DCA 2006) (liability insurer's voluntary dismissal of declaratory judgment action conferred a benefit on the insured by providing defense in tort action, was thus functional equivalent of a confession of judgment or a verdict in favor of insured, and entitled insured to attorney fees as prevailing party; when the insurer dismissed the action, the insured received the benefit of representation in the underlying tort suit.). *Mercury,* 919 So. 2d at 494 ("it is the insured's decision to satisfy the claim against its insured, thereby conceding coverage, which entitles an insured to a fee award.") (Well, J., concurring); *Brown v. Vermont Mut. Ins. Co.,* 614 So.2d 574, 579 (Fla. 1 st DCA 1993) ("The law in Florida is well settled that, after an insured has filed suit to recover under an insurance policy, the insurer's settlement and payment to the insured ordinarily does not relieve the insurer of the obligation to pay an attorney's fee pursuant to section 627.428.").

**I. In the Alternative, JPFD Requests a Separate Evidentiary Hearing on Entitlement.**

35.     In the event that JPFD is not entitled to recover attorney fees and costs, as a matter of law, then a full evidentiary hearing should be conducted.  Following the Court's ruling on the entitlement issue, a determination of the amount of attorney's fees may be resolved upon written filings by the parties, without the need for an evidentiary hearing. *See In re Holywell Corp.,* 967 F.2d 568, 571 (11th Cir.1992) (citing *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1304 (11th Cir.1988)).  Submitting fee expert affidavits and allowing a court to determine the reasonableness of the fees would obviate the need for a potentially costly hearing on the issue of fees.  By litigating the reasonable amount of fees upon written filings, the parties may avoid the need to carve out distinct attorney's fees incurred solely on the reasonableness of fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment confirming the appraisal award in the amount of $158,147.99, and granting Plaintiff's entitlement to recover a reasonable amount of attorney fees and costs pursuant to section 627.428, Florida Statutes, or in the alternative setting this motion for an evidentiary hearing, and such other and further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH

**I HEREBY CERTIFY** that a good faith effort and attempt has been made to resolve the issues addressed in the instant motion.  Opposing counsel has been contacted concerning these attempts and the parties have been unable to amicably resolve these issues.

/s/  Hewett G. Woodward
Hewett G. Woodward
Florida Bar No. 0018060
The Woodward Law Firm
4767 New Broad Street

18

P.O. Box 140312
Orlando, Florida 32804
Phone:  (407) 494-0014
Fax:  (407) 514-2604
Pleadings@hgwlegal.com
hew@hgwlegal.com
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 2, 2018, I filed the foregoing through the Clerk's ECF/CM system which served counsel for the Defendant, Michael Simon, Esq. (msimon@simonreedlaw.com;   kmiller@simonreedlaw.com)   and   Nina   Jacobs,   Esq. (njacobs@simonreedlaw.com;   dvega@simonreedlaw.com) of Simon, Reed & Salazar, P.A., 7208 West Sand Lake Road, Suite # 302, Orlando, FL 32819.


 /s/  Hewett G. Woodward
Hewett G. Woodward

19