UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**J.P.F.D. INVESTMENT CORPORATION,**

        **Plaintiff,**

v.                                    Case No:   6:17-cv-1415-Orl-40GJK

**UNITED SPECIALTY INSURANCE COMPANY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT ON APPRAISAL AWARD AND MOTION FOR ENTITLEMENT TO ATTORNEY FEES AND COSTS OR IN THE ALTERNATIVE MOTION FOR EVIDENTIARY HEARING (Doc. No. 30)** |
| **FILED:** | **February 2, 2018** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

**I.    FACTUAL BACKGROUND**

The matter before the Court is an insurance dispute. Doc. No. 2. Plaintiff owns property (the "Property") located in Orlando, Florida. *Id.* at ¶ 2. Defendant issued an all-risks insurance policy (the "Policy") providing coverage for any damage to the Property caused by direct physical loss. *Id.* at ¶ 3. On January 20, 2017, the Property suffered water damage. Doc. No. 30 at ¶ 1.

On January 25, 2017, Defendant, through an independent insurance adjuster, inspected the Property to determine the scope of water damage. Doc. No. 31-2 at ¶ 4. After the inspection, Eric Osking of Advanced Building Assessment, Inc. notified Defendant that he was Plaintiff's representative as to the loss on the Property and stated that he would be preparing an estimate of damages, but that such estimate would take some time. *Id.* at ¶ 5.

On January 25, 2017, Defendant met with representatives from DryFast Recovery Systems, LLC ("Dryfast"), a water extraction company selected by Mr. Osking, to begin water extraction at the Property. Doc. No. 31-2 at ¶ 6. On January 31, 2017, Dryfast submitted a direction to pay signed by Plaintiff's corporate representative and an estimated invoice for water extraction services rendered. *Id.* at ¶ 7. On April 6, 2017, Defendant paid Dryfast the full amount of its invoice, subject to a $2,500 deductible, for a total amount of $152,262.52. *Id.* at ¶ 9.

On March 28, 2017, Plaintiff submitted a proof of loss for $302,272.46. Doc. No. 31-2 at ¶ 8. On April 26, 2017, Defendant sent correspondence stating that it disagreed with the scope of damages in Plaintiff's proof of loss. *Id.* at ¶ 10. Defendant also advised Plaintiff that it was retaining a building specialist from Dryfast to provide another damage estimate. *Id.*

On May 2, 2017, Defendant sent an estimate stating that the Property incurred $112,716.90 in building repair costs and $154,762.52 in water extraction costs for a total replacement cost of $267,479.42. Doc. No. 31-2 at ¶ 11. Defendant then subtracted $21,635.93 in recoverable depreciation, the prior payment to Dryfast of $152,262.52, and the $2,500.00 deductible for a remaining payment of $91,080.97. *Id.*

On May 3, 2017, Defendant received a "preliminary and partial" proof of loss from Plaintiff for $91,080.97, which Defendant paid. Doc. No. 31-2 at ¶ 12. On May 25, 2017, Defendant received from Dryfast a comparative estimate for remaining damages to the Property

in the amount of $96,397.47. *Id.* at ¶ 13. On June 15, 2017, Defendant sent correspondence to Plaintiff's public adjuster about Dryfast's comparative estimate and attempted to contact Mr. Osking to discuss the estimate. *Id.* at ¶ 14. On June 20, 2017, after receiving no response from Mr. Osking, Defendant selected an appraiser. *Id.* at ¶ 15.

On June 23, 2017, Plaintiff filed a complaint (the "Complaint") in Florida state court. Doc. No. 30 at ¶ 7. On June 26, 2017, Defendant formally demanded appraisal pursuant to the Policy. Doc. No. 31-2 at ¶ 15. Defendant formally demanded appraisal due to the parties' disagreement about their respective damages calculations, but Mr. Osking never responded to the same. *Id.* at ¶¶ 15-16. On June 29, 2017, Plaintiff served the Complaint on the Chief Financial Officer of Florida, who delivered the Complaint to Defendant on July 3, 2017. Doc. No. 31-1 at 2.

On August 1, 2017, Defendant removed the Complaint to this Court. Doc. No. 1. On August 11, 2017, Defendant filed a motion to compel appraisal. Doc. No. 11. In the motion to compel, Defendant argued that coverage was admitted, and the only dispute was over the amount of loss. *Id.* On October 17, 2017, United States District Judge Paul G. Byron granted Defendant's motion and directed the parties to obtain an appraisal in the manner provided in the Policy. Doc. No. 25 at 1.

On January 5, 2018, Plaintiff received an appraisal award for $249,228.96. Doc. No. 30-1. On January 30, 2018, Defendant paid $158,147.99 to Plaintiff. Doc. No. 30-2. Such amount is the sum of the $249,228.96 appraisal award less the $91,080.97 payment Defendant made after receiving Plaintiff's partial and preliminary proof of loss. *Id.* at 1.

On February 2, 2018, Plaintiff filed a motion (the "Motion") requesting that the Court: 1) enter judgment confirming the appraisal award; and 2) awarding Plaintiff reasonable attorneys' fees under Fla. Stat. § 627.428. Doc. No. 30 at 18. On February 12, 2018, Defendant filed a

response to the Motion. Doc. No. 31. Attached to Defendant's response is an affidavit from Daniel Green, a senior claims representative for Defendant (the "Green Affidavit"), summarizing the events surrounding the parties' insurance dispute. Doc. No. 31-2.

## II.    APPLICABLE LAW

"Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *Pepper's Steel & Alloys, Inc. v. U.S.*, 850 So. 2d 462, 465 (Fla. 2003). Plaintiff's requests for a judgment confirming the appraisal award and an award of reasonable attorneys' fees arise from Fla. Stat. § 627.428(1), which states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1) (emphasis added). Thus, Section 627.428(1) "provides attorney's fees to an insured that obtains a judgment against an insurer." *Fireman's Fund. Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1010 (11th Cir. 2001) (citation omitted). *See also Grow v. First Nat. Ins. Co. of Am.*, No. 3:06cv11/MCR/MD, 2008 WL 141481, at * 3 (N.D. Fla. Jan. 11, 2008) ("To recover attorney's fees under [Section] 627.428 there must be a judgment in favor of the insured.").

Florida state courts "have consistently held that the purpose of section 627.428 … is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992) (citing

authority). In order to prevent insurers from necessitating a lawsuit by withholding valid proceeds and then avoiding attorneys' fees through settlement, Florida courts have incorporated a confession of judgment rule in Section 627.428. *See Pepper's Steel & Alloys, Inc.*, 850 So. 2d at 465. The rule states that "the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured." *Id.*

Consistent with Section 627.428's purpose, courts, in certain circumstances, have found that "an appraisal determination can constitute a confession of judgment." *Grow*, 2008 WL 141481 at * 3 (citing authority). In such cases, courts find that the insurer's payment of the appraisal award is a confession of judgment and enter judgment confirming the appraisal award, making the insured entitled to attorneys' fees under Section 627.428. *See Chateaubleau Villas Condo. Ass'n, Inc. v. Mt. Hawley Ins.*, No. 08-23180-CIV, 2010 WL 4923116, at * 3 (S.D. Fla. Jul. 7, 2010) (citing authority and stating that "[m]otions to confirm appraisal awards have been granted where there is a dispute regarding the existence of liability or when the insurer does not comply with the appraisal process outlined in the insurance contract."); *Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05–14362–CIV, 2009 WL 790120, at * 2 (S.D. Fla. Mar. 24, 2009) (citing authority).

Appraisal awards, however, "are not confirmed merely because the insurer has paid money to its insured after suit has been filed." *Chateaubleau Villas Condo. Ass'n, Inc.*, 2010 WL 4923116 at * 2. In other words, Section 627.428 attorneys' fees "are not a statutory right of the insured whenever a plaintiff sues an insurer and money is later paid." *Id.* (citation omitted). Courts have recognized that confirmation of an appraisal award and an award of attorneys' fees are not appropriate if the insurer was taking steps to resolve the dispute without court intervention. *See Progressive Express Ins. Co. v. Weitz*, 218 F. App'x 846, 847 (11th Cir. 2007) (affirming the district court's denial attorneys' fees under Section 627.428 because the insurer "stood ready to

arbitrate and pay the arbitration award, [and] did not wrongfully withhold payment of the proceeds of the policy.").[1] *See also Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1298 (M.D. Fla. 2006) (finding a "fundamental due process concern in finding that an insurance company which appropriately pays a valid claim according to the Policy terms must still pay attorney's fees, because a claimant sued it to do what it was already in the process of doing."); *Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.,* No. 05–14362–CIV, 2012 WL 6217497, at * 2 (S.D. Fla. Dec. 14, 2012) ("Courts, however, have refused to award attorney's fees when the insured immediately files a lawsuit, instead of permitting the appraisal process to determine the outcome of the dispute.").[2] Thus, when determining whether confirmation of an appraisal award and an award of attorneys' fees are appropriate, the Court must consider whether the filing of the complaint was necessitated by the insurer's actions and whether entering judgment confirming the appraisal award and awarding attorneys' fees to the insured is consistent with the purpose of Section 627.428.

### III. ANALYSIS

The Motion is unavailing for three reasons. First, under the terms of the Policy, there was never a failure to pay on the part of Defendant. Plaintiff's argument centers on two provisions in the Policy:

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

[2] *See also TMH Med. Servs., LLC v. Nat. Union Fire Ins. Co of Pittsburgh, Pa.*, No: 6:17-cv-920-Orl-37DCI, 2018 WL 1916661, at *2 (M.D. Fla. Jan. 30, 2018) ("[F]or an insurance company to be found to have confessed judgment, the plaintiff must have been compelled to sue because the insurance company wrongfully caused the plaintiff to resort to litigation."); *Tampa Chiropractic Cent., Inc. v. State Farm Mut. Life Ins. Co.*, 141 So. 3d 1256, 1258 (Fla. 5th DCA 2014) ("For the confession of judgment doctrine to apply, the insurer must have unreasonably withheld payment under the policy … or engaged in some other wrongful behavior that forced the insured to sue."); *Travelers of Fla. v. Stormont*, 43 So. 3d 941, 944 (Fla 3d DCA 2010) ("In order to be entitled to attorney's fees, it must have been reasonably necessary for the insured to file a court action."); *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 398 (Fla. 5th DCA 2007) ("[C]ourts generally do not apply the doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy.").

**Loss Payment**

g. <u>We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if</u> you have complied with all of the terms of this Coverage Part, and: <u>(1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made.</u>

**SERVICE OF SUIT CLAUSE**

This endorsement modifies insurance provided by the policy to which this form is attached. <u>It is agreed that in the event of the failure by us to pay any amount claimed to be due hereunder, we will, at your request, submit to the jurisdiction of a court of competent jurisdiction within the United States of America.</u>

Doc. No. 30 at 3-4 (emphasis added). Thus, the Policy's loss payment provision states that Defendant will pay for covered loss or damage within thirty days after receipt of a sworn proof of loss, provided that Defendant agrees on the amount of loss or an appraisal award has been made. *Id.* at 3. The Policy's service of suit clause states that Defendant submits to the jurisdiction of a court of competent jurisdiction in the event of a failure by Defendant to pay any amount claimed to be due. *Id.* at 4.

At the time Plaintiff filed the Complaint, Defendant paid $91,080.97 in response to Plaintiff's preliminary and partial proof of loss, but the parties were still in dispute as to the amount of loss beyond that amount. Doc. No. 31-2 at 3-5.[3] Furthermore, an appraisal award was not made at the time Plaintiff filed the Complaint in Florida state court. Doc. No. 30 at 4.

Second, Defendant never denied coverage under the Policy, and it appears that it was in the process of resolving the matter through appraisal when it was served with the Complaint. After receiving another estimate from Dryfast regarding the total amount of loss, Defendant attempted to contact Mr. Osking, but it did not receive a response from him. Doc. No. 31-2 at 4-5. Defendant

---

[3] Plaintiff never sought leave to file a reply in support of the Motion, and thus, the statements in Defendant's response and the Green Affidavit are uncontroverted.

formally demanded appraisal under the Policy one week before being served with the Complaint.[4] Doc. No. 31-1 at 2; Doc. No. 31-2 at 4. Furthermore, Defendant hired an appraiser three days before Plaintiff filed the Complaint in Florida state court. Doc. No. 30 at ¶ 7; Doc. No. 31-2 at 4. Thus, Defendant already paid a portion of the loss and was in the process of attempting to resolve the remaining dispute through the appraisal process before having notice of the lawsuit.

Finally, the Florida Supreme Court cases Plaintiff cites, *Ivey v. Allstate Ins. Co.*, 774 So.2d 679 (Fla. 2000) and *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207 (Fla. 2016), are distinguishable because both involve wrongful denial of coverage. In *Ivey*, the insured applied for personal injury protection benefits after being hit by a car. *Ivey*, 774 So. 2d at 681. The insurer did not conduct a proper investigation and only covered treatment for one of the two injuries the insured sustained. *Id*. The insured filed an action seeking payment for the treatment resulting from the second injury, and the insurer later agreed to pay the claim. *Id*. Finding that the insurer conceded that it had initially denied coverage in error, the Florida Supreme Court found that the insured was entitled to attorneys' fees under Section 627.428. *Id.* at 684-85.

In *Johnson*, the insured had sinkhole coverage under a homeowner's insurance policy. *Johnson,* 200 So. 3d at 1210. The insured filed a claim for damages resulting from conditions that the insured believed arose from sinkhole activity. *Id.* The insurer "totally denied" the insured's claim for coverage, prompting her to file a breach of contract action. *Id.* at 1211. The insurer later conceded that benefits were due under the insurance policy, and the Florida Supreme Court found that the insured was entitled to attorneys' fees under Section 627.428. *Id*. at 1218-1219.

Unlike *Ivey* and *Johnson*, Defendant never denied Plaintiff's claim for coverage. Doc. No. 31-2 at 5. Instead, Defendant hired an appraiser before the Complaint was filed and formally

---

[4] Mr. Osking never responded to Defendant's demand. Doc. No. 31-2 at 5.

demanded appraisal prior to being served with the Complaint. *Id.* at 4. The parties' only dispute was over the amount of loss. *Id.* at 4-5. The parties have participated in an appraisal; an award was issued; and Defendant paid the remaining amount due under the award. Doc. No. 30 at 4; Doc. No. 30-2; Doc. No. 31-2 at 5. Thus, Plaintiff's filing of the Complaint was not necessitated by Defendant's actions, and any judgment confirming the appraisal award and awarding attorneys' fees to Plaintiff would not be consistent with the purpose of Section 627.428. Because the parties have resolved their dispute through appraisal, the award has been paid, and there is no other dispute before the Court, it is recommended that the Court deny the Motion and dismiss the case.[5]

## IV.   CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 30); and

2) **DISMISS** the case; and

3) **DIRECT** the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 9, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff requests an evidentiary hearing on the Motion. Doc. No. 30 at 18. For the above-stated reasons, the undersigned does not find a hearing to be necessary.

Copies furnished to:
Presiding District Judge
Courtroom Deputy
Counsel of Record
Unrepresented Parties