**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

J.P.F.D. INVESTMENT
CORPORATION,

        Plaintiff,

v.                                                  Case No: 6:17-cv-1415-Orl-40GJK

UNITED SPECIALTY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on the following:

1. Plaintiff J.P.F.D. Investment Corporation's Motion for Entry of Judgment on Appraisal Award and Motion for Entitlement to Attorney's Fees and Costs, or in the alternative, Motion for Evidentiary Hearing (Doc. 30), filed February 2, 2018;

2. Defendant United Specialty Insurance Company's Response in Opposition to Plaintiff's Motion for Entry of Judgment (Doc. 31), filed February 12, 2018;

3. Magistrate Judge Gregory J. Kelly's May 9, 2018, Report and Recommendation (Doc. 32);

4. Plaintiff's Objections to Report and Recommendations (Doc. 33), filed May 23, 2018; and

5. Defendant's Response in Opposition to Plaintiff's Objections to Report and Recommendations (Doc. 34), filed June 6, 2018.

With briefing complete, the matter is ripe. Upon consideration, Plaintiff's Motion for Entry of Judgment is due to be denied and the case dismissed.

I.  **BACKGROUND**[1]

This case involves a disputed insurance claim for water damage to a building. Defendant, United Specialty Insurance Company ("**United**"), issued an all-risks insurance policy (the "**Policy**") to Plaintiff, J.P.F.D. Investment Corporation ("**JPFD**"), for a piece of real property owned by Plaintiff. (Doc. 2, ¶¶ 2–3; Doc. 11-1). The property sustained water damage on January 20, 2017. (Doc. 2, ¶ 2). Plaintiff immediately reported the loss to Defendant. (Doc. 31-2, ¶ 3).

The parties then embarked on a months-long endeavor to resolve the water damage claim on the Policy. Defendant conceded throughout the claims process that the water damage is covered under the Policy. The only dispute has been the amount of damages. Indeed, Defendant agreed to pay a water extraction firm $152,262.52 for preliminary water extraction services on April 6, 2017. (Doc. 11-2). Less than a month later, Defendant agreed to pay Plaintiff $91,080.97 in undisputed replacement costs pursuant to a "preliminary and partial" proof of loss submitted by Plaintiff. (Docs. 11-4, 11-6). Because of the continuing disagreement over coverage, Defendant selected an appraiser on June 20, 2017, and formally invoked its right to an appraisal in a letter to Plaintiff dated June 26, 2017. (Doc. 31-2, ¶ 15).

On June 23, 2017, Plaintiff initiated this action by filing the Complaint in Florida state court. (Doc. 2). Defendant was served with the Complaint on July 3, 2017—a week

---

[1] The Court adopts the more-detailed recitation of the facts set forth in Magistrate Judge Kelly's Report & Recommendation ("**R&R**"). (Doc. 32). Neither party objected to the facts as reported by the R&R.

2

after Defendant invoked its appraisal rights. (Doc. 31-1, p. 2). On August 1, 2017, Defendant removed the Complaint to this Court. (Doc. 1). On October 17, 2017, the Court directed the parties to obtain an appraisal pursuant to Defendant's motion. (Doc. 25). On January 5, 2018, Plaintiff received a $249,228.96 appraisal award, which Defendant promptly paid. (Doc. 30, ¶ 10; Doc. 30-1).

On February 2, 2018, Plaintiff filed a motion requesting the Court enter judgment confirming the appraisal award and award Plaintiff attorneys' fees pursuant to § 627.428. (Doc. 30, p. 18 (the "**Motion**")). Magistrate Judge Gregory J. Kelly submitted a R&R dated May 9, 2018, recommending the Court deny the Motion and dismiss the case. (Doc. 32). Judge Kelly recommends denial because: (1) there was never a "failure to pay" by Defendant under the Policy; and (2) Defendant never denied coverage under the Policy and was working toward resolving the claim when Plaintiff filed suit, thus the Court should not award attorneys' fees or enter a judgment confirming the arbitration award. (Doc. 32, pp. 6–9). Plaintiff objects to the R&R. (Doc. 33).

## II. STANDARD OF REVIEW

When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration

3

of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

Interpretation of an insurance contract is a question of law to be decided by the Court. *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985). Because this case is before the Court pursuant to diversity jurisdiction (Doc. 1, ¶¶ 4–10), the Court applies the law of the forum state, Florida. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## III. DISCUSSION

Plaintiff makes two arguments in its Objection to the R&R: the Magistrate Judge erred in finding (1) that Defendant did not deny Plaintiff benefits; and (2) that attorney's fees under Florida Statutes § 627.428 were not warranted in light of *Johnson v. Omega Insurance Co.*, 200 So. 3d 1207 (Fla. 2016). (Doc. 33, pp. 6–7).

### A. Defendant Did Not Deny Plaintiff Benefits

Plaintiff first argues that Defendant denied Plaintiff benefits owed to Plaintiff under the Policy, necessitating the instant suit. In support, Plaintiff cites Defendant's rejection of Plaintiff's March 28, 2017, proof of loss, and Defendant's failure to pay the appraisal award within 30 days as required by the Policy. (*Id.* at pp. 7–8). This objection is due to be overruled.

Plaintiff's first argument in support of this objection seemingly ignores the Policy. Specifically, the Policy states:

> **Loss Payment**
>
> . . .
>
> g. We [United] will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you [JPFD] have complied with all of the terms of this Coverage Part, and: (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made.

(Doc. 11-1, p. 58). Contrary to Plaintiff's assertions, the Policy does not vest Plaintiff with an unfettered right to full payment of a sworn proof of loss. Payment is contingent upon (1) the filing of a sworn proof of loss, and (2) either agreement as to the loss amount, or an appraisal award. (*Id.*). When Defendant refused to pay Plaintiff's March 28, 2017, proof of loss, the parties had neither agreed on the amount of loss nor obtained an appraisal. Further, Defendant paid the undisputed portion of Plaintiff's request and was working toward a resolution when this suit was filed. Accordingly, Defendant's refusal to pay the March 28, 2017, proof of loss did not constitute a denial of benefits under the Policy.

The Court does not reach Plaintiff's second argument—that Defendant's failure to pay the appraisal award within thirty days constituted a denial of benefits—because it was not presented to the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

### B. Plaintiff is Not Entitled Fees Pursuant to § 627.428

Plaintiff next asserts Magistrate Judge Kelly erred in relying upon cases decided before *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207 (Fla. 2016), in finding that a formal "denial of coverage" is a pre-requisite to recovering attorneys' fees under Florida Statutes § 627.428. This objection is likewise due to be overruled.

Plaintiff maintains that Magistrate Judge Kelly improperly relied upon numerous cases decided before *Johnson*, which controls the present case. This objection has no merit for three reasons. First, Magistrate Judge Kelly squarely addressed *Johnson*, finding that case distinguishable because it involved a "wrongful denial of coverage." (Doc. 32, p. 8). Second, Plaintiff's argument suggests, without support, that *Johnson* overruled or modified the decisional law cited in the R&R.

Third and finally, *Johnson* does not support Plaintiff's request for fees pursuant to § 627. 428. "Section 627.428 provides that an incorrect denial of benefits, followed by a judgment or its equivalent of payment in favor of the insured, is sufficient for an insured to recover attorney's fees." *Johnson*, 200 So. 3d at 1219. As explained in Section III.A, *supra*, Defendant did not incorrectly deny Plaintiff benefits.[2] Accordingly, Plaintiff is neither entitled to attorneys' fees under § 627.428, nor a judgment confirming the arbitration award.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[2] *See also* Doc. 32, p. 8 ("Defendant already paid a portion of the loss and was in the process of attempting to resolve the remaining dispute through the appraisal process [pursuant to the Policy] before having notice of the lawsuit.").

[3] *See Chateaubleau Villas Condo Assoc. v. Mt. Hawley Ins.*, No. 08–23180–CIV, 2010 WL 4923116, at *3 (S.D. Fla. July 7, 2010). Here, the dispute has been resolved through appraisal, the award paid, and the remaining issues raised by the Complaint have been mooted. Therefore, the case is due to be dismissed. *See Federated Nat'l Ins. Co. v. Esposito*, 937 So. 2d 199, 200–02 (Fla. 4th DCA 2006) (declining to enter judgment confirming appraisal award where the insurer "compl[ied] with the terms of its insurance contract by participating in the appraisal process and pa[id] in a timely manner").

1. Magistrate Judge Gregory J. Kelly's May 9, 2018, Report and Recommendation (Doc. 32) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff's Objections to Report and Recommendations (Doc. 33) are **OVERRULED**.
3. Plaintiff J.P.F.D. Investment Corporation's Motion for Entry of Judgment on Appraisal Award and Motion for Entitlement to Attorney's Fees and Costs, or in the alternative, Motion for Evidentiary Hearing (Doc. 30) is **DENIED**.
4. The case is **DISMISSED**.
5. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties